**Patrick L. BARR, Plaintiff-Appellant,**

v.

**UNITED STATES of America, E. Thompson, Revenue Officer, and Internal Revenue Service, Defendants-Appellees.**

**No. 83–2221.**

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 22, 1984.[*]

Decided March 12, 1984.[**]

Opinion June 12, 1984.

---

[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

[**] This appeal was originally decided by unreported Order on March 12, 1984, 732 F.2d 158. *See* Circuit Rule 35. The Court has subsequently decided to issue the decision as an Opinion.

Patrick L. Barr, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Philip I. Brennan, Tax. Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before BAUER, POSNER and COFFEY, Circuit Judges.

PER CURIAM.

Pro-se plaintiff-appellant Patrick Barr appeals from the judgment of the district court dismissing his complaint for lack of subject matter jurisdiction. We affirm.

Barr filed a withholding statement (Form W–4) with his employer claiming that he was exempt from withholding. The government subsequently determined that Barr's representations were false, and assessed a $500 penalty under 26 U.S.C. § 6682. .Barr then filed a "Petition to Enforce Administrative Procedure" which the district court interpreted as a request to enjoin collection of the assessed penalty. As such, the suit was dismissed as barred by the Anti-Injunction Act, 26 U.S.C. § 7421, which provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained . . . ." Section 6671 provides that the penalty at issue here is a tax for purposes of the Anti-Injunction Act.

A narrow exception to the scope of the Anti-Injunction Act was created by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). A taxpayer may succeed in enjoining collection of a tax if he can show that 1) under the most liberal view of the facts and the law, the United States could not establish its claim, and 2) the taxpayer has no adequate remedy at law. Here, Mr. Barr does not address the merits of the penalty assessment let alone show that the government is unlikely to prevail. Although the case could be dismissed on this basis alone, we also note that the taxpayer has an adequate remedy at law. The legality of the assessment can readily be challenged via a suit for a refund in federal district court or the Court of Claims.[1]

The judgment of the district court is accordingly

AFFIRMED.

---

1. To sue for a refund, taxpayer must, of course, have paid the tax—or had it seized or garnished. There is no indication in the record that the penalty had been collected, although appellant states in his brief that the IRS served a "Notice of Levy on Wages and Salary" on him. If the penalty had been collected, a suit to enjoin its collection would be moot as well as barred by the Anti-Injunction Act.