**UNITED STATES of America,
Appellant,**

**v.**

**RAYSON SPORTS, INC., Appellee.**

**No. 84 C 15 (82 B 10818).**

United States District Court,
N.D. Illinois, E.D.

Nov. 8, 1984.

Glenn L. Archer, Asst. Atty. Gen., D. Patrick Mullarkey and M. Ellen Carpenter, Dept. of Justice, Washington, D.C., for appellant.

Marshall J. Belgrad, Skokie, Ill., for appellee.

MEMORANDUM OPINION

GRADY, District Judge.

The dispute which forms the basis of this bankruptcy appeal arose when the Internal Revenue Service ("IRS") attempted to collect employment withholding taxes from certain individual corporate officers of Rayson Sports, Inc. ("appellee"), a corporation which filed for bankruptcy under Chapter 11. Pursuant to the Internal Revenue Code ("the Code"), 26 U.S.C. § 1 *et seq.*, the individual officers were responsible for maintaining withholding taxes in a trust fund for the benefit of the United States. 26 U.S.C. §§ 7501, 6671–6672. In order to stave off the IRS collection efforts against its officers, the appellee corporation filed a petition for injunctive relief in the Bankruptcy Court, alleging that the IRS's actions were interfering with appellee's reorganization. After a brief hearing,[1] the bankruptcy judge entered an injunction "restraining [the IRS] from taking any action against any property, real or personal, of [the responsible officers]."

The United States ("appellant") now appeals from the bankruptcy court's injunction order. Appellant contends that the court lacked power to enter the injunction because: (1) appellee had no standing to seek injunctive relief of this nature, and (2) the "Anti-Injunction Act," 26 U.S.C. § 7421(a), bars a bankruptcy court from enjoining IRS collection efforts.

Appellee has ignored two orders we have issued directing it to respond to appellant's brief; we now consider the questions without the benefit of appellee's views.

## I. DID APPELLEE HAVE STANDING TO SEEK INJUNCTIVE RELIEF?

■ As we noted above, under the Code certain corporate officers are responsible for collecting and preserving employment withholding taxes. In order to ensure that the officers satisfy these responsibilities, the Code imposes personal liability for un-

collected or unpaid taxes on the officers. 26 U.S.C. §§ 6671–6672. The officers' liability is separate and distinct from that imposed upon the corporate employer. In fact, it is not even necessary for the IRS to attempt collection from the corporation before pursuing the responsible officers. *See Monday v. United States*, 421 F.2d 1210, 1218 (7th Cir.), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970); *Bernardi v. United States*, 74–1 U.S.T.C., ¶ 82,212 (N.D.Ill.1973), *aff'd*, 507 F.2d 682 (7th Cir. 1974), *cert. denied*, 422 U.S. 1042, 95 S.Ct. 2656, 45 L.Ed.2d 693 (1975). *See also In Re: Dynamic Maintenance Services, Inc.*, No. 81 C 6640 (N.D.Ill. March 5, 1982) (Kocoras, J.).

■ Inasmuch as the responsible corporate officers' liability for the withholding taxes is separate from that of the corporation, it would appear that an employer would lack standing to litigate its officers' liability, and that appellee therefore lacked standing to seek the injunctive relief entered. *See, e.g., Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976) (a person cannot litigate the tax liability of another). *See also Allen v. Wright*, ⸺ U.S. ⸺, 104 S.Ct. 3315, 3324–25, 82 L.Ed.2d 556 (1984) ("Standing doctrine embraces several judicially self-imposed limits on the exercise of federal jurisdiction, such as the general prohibition on a litigant's raising another person's legal rights ....").

Other courts that have addressed this issue, however, have ruled that corporate debtors do have standing to seek injunctive relief against IRS attempts to enforce the § 6672 liability against corporate officers. *See, e.g., In Re: Jon Co., Inc.*, 30 B.R. 831, 834 (D.Colo.1983). *See also In Re: O.H. Lewis Co., Inc.*, 40 B.R. 531 (Bkrtcy.N.H. 1984); *In Re: Datair Systems Corp.*, 37 B.R. 690 (Bkrtcy.N.D.Ill.1983). These

---

**1.** For reasons that are unclear, the IRS was not present or represented by counsel at the injunc-   tion hearing.

courts have reasoned that the corporations are directly aggrieved by, and have a strong personal stake in the outcome of, any proceedings against the corporate officers, since such proceedings may imperil reorganization plans or otherwise adversely affect the administration of the bankruptcy estate. *See In Re: O.H. Lewis, supra,* 40 B.R. at 533; *In Re: Datair, supra,* 37 B.R. at 694.

We do not find the analyses of these courts persuasive. The fact that a corporation and its responsible officers are entirely separate entities for purposes of withholding tax liability seems to us dispositive of the standing issue; one entity simply cannot litigate the tax liabilities of the other.

It is not necessary for us to decide this question, however. Even under the expansive view discussed above, in order to show that it has standing the corporate debtor is required to demonstrate that the IRS's actions will directly cause the corporation actual injury. The corporation must establish, for example, that attempts to collect from the officers would harm a confirmed or contemplated reorganization plan. *See In Re: O.H. Lewis, supra,* 40 B.R. at 533; *In Re: Jon, supra,* 30 B.R. at 834. Based on the record before us, we cannot say that appellee has made any showing of direct and personal injury.[2] Accordingly, appellee lacked standing to seek the injunctive relief granted by the Bankruptcy Court.[3]

Even assuming *arguendo* that appellee did have standing to seek injunctive relief, the order of the Bankruptcy Court must be vacated on the basis of appellant's second argument.

## II. DID THE ANTI-INJUNCTION ACT PROHIBIT THE BANKRUPTCY COURT FROM ENJOINING THE IRS COLLECTION EFFORTS?

■ Section 7421(a) of the Code, the "Anti-Injunction Act," provides in pertinent part:

... [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The purpose of this Act is to permit the United States to assess and collect taxes as expeditiously as possible, with a minimum of pre-enforcement judicial interference. *Bob Jones University v. Simon,* 416 U.S. 725, 736–37, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974).

■ The Supreme Court has created one narrow exception to the scope of the Anti-Injunction Act: a taxpayer may succeed in enjoining IRS collection attempts if he or she can show that (1) under the most liberal view of the facts and the law, the United States could not establish its claim, and (2) collection would cause the taxpayer irreparable harm. *South Carolina v. Regan,* —— U.S. ——, 104 S.Ct. 1107, 1112, 79 L.Ed.2d 372 (1984); *Bob Jones University, supra,* 416 U.S. at 737, 94 S.Ct. at 2046; *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). *See also Barr v. United States,* 736 F.2d 1134, 1135 (7th Cir.1984) (*per curiam*). Nothing in the record suggests that appellee can avail itself of this narrow judicial exception. It would seem clear, then, that the Anti-In-

---

**2.** The transcript of the injunction hearing indicates that appellee cursorily asserted that its reorganization plan would be hindered by the IRS collection efforts. No evidence appears to have been offered to the Bankruptcy Court in support of this claim, and appellee's failure to submit a responsive brief in this appeal makes it impossible for us to conclude that any such evidence exists.

**3.** It appears from the record that the Bankruptcy Court heard no evidence before it entered the

preliminary injunction. Consequently, appellee made no showing that it satisfied the injunction test. *See Roland Machinery Company v. Dresser Industries, Inc.,* 749 F.2d 380 (7th Cir.1984). As a general matter, a court should hold an evidentiary hearing to determine whether issuance of an injunction is warranted, *Medeco Security Locks, Inc. v. Swiderek,* 680 F.2d 37, 38 (7th Cir.1981) (*per curiam*), and the Bankruptcy Court's failure to hear evidence or require a showing of entitlement to injunctive relief was in error.

junction Act barred appellee's petition for injunctive relief.[4]

Nevertheless, several courts have held that the Act does not prohibit a bankruptcy court from restraining IRS collection efforts in cases where such an injunction is necessary to "administer the bankrupt's estate in an orderly and efficient manner." *Bostwick v. United States*, 521 F.2d 741, 744 (8th Cir.1975). *See also In Re: Jon, supra*, 30 B.R. at 834–35; *In Re: H & R Ice Co., Inc.*, 24 B.R. 28 (Bkrtcy.W.D.Mo. 1982). The rationale behind these rulings is that the policy of the Bankruptcy Act—the rehabilitation of the debtor—overrides the policies supporting the Anti-Injunction Act. *See, e.g., Bostwick, supra*, 521 F.2d at 744.

We do not think it is proper for courts to weigh competing policies in order to determine whether a bankruptcy court may enjoin IRS collection efforts. Rather, we agree with the Third Circuit Court of Appeals that such balancing is best left to Congress:

> ... However persuasive the arguments against application of § 7421(a) to bankruptcy court adjudications may be, we believe that a bankruptcy court exemption cannot be judicially fashioned without contravening congressional intent. Although there may be some merit in permitting the policy behind the Bankruptcy Act to outweigh the rationale that underpins the anti-injunction legislation, such argument should be addressed to Congress.

*Matter of Becker's Motor Transp., Inc.*, 632 F.2d 242, 246 (3d Cir.1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981). *See also In Re: Pressimone*, 39 B.R. 240, 246 (N.D.N.Y.1984) ("an exemption from the Anti-Injunction

Act for situations such as this must be created by Congress, not courts."); *In Re: Dynamic Maintenance Services, supra.* Thus, until Congress tells us otherwise, we will interpret the Anti-Injunction Act to mean what it says: neither the bankruptcy court nor this or any other court can enjoin the assessment or collection of any tax.[5]

Accordingly, the order of the Bankruptcy Court is hereby vacated.

---

**4.** In *South Carolina v. Regan, supra*, 104 S.Ct. at 1111, the Court held that the Anti-Injunction Act would not bar a plaintiff from seeking injunctive relief where "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." Nothing in the record gives us cause to believe that this would be the case here. Indeed, it seems clear that appellee's officers could have paid the taxes and then challenged the payment through a suit for refund. *See, e.g., Brown v. United States*, 552 F.Supp. 662 (N.D.Ill.1982).

**5.** To the extent that it is proper for courts to weigh the countervailing policies, we would be inclined to hold that administration of the bankruptcy laws must take a back seat to the Government's critical need to assess and collect taxes free from pre-enforcement judicial interference.