**In re The FRANKLIN PRESS, INC., Debtor.**

**The FRANKLIN PRESS, INC., Plaintiff,**

**v.**

**The INTERNAL REVENUE SERVICE, an agency of the United States of America, Defendant.**

**Bankruptcy No. 83–02188–BKC–TCB.
Adv. No. 84–0696–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 29, 1985.

Ronald G. Neiwirth, P.A., Miami, Fla., for debtor/plaintiff.

Steven M. Kwartin, Tax Div., Dept. of Justice, Washington, D.C., Marilyn Koonce, Asst. U.S. Atty., Miami, Fla., for defendant.

## ORDER OF DISMISSAL

THOMAS C. BRITTON, Bankruptcy Judge.

The chapter 11 debtor seeks an injunction against the I.R.S. to prevent collection of a tax penalty owed by the debtor's president upon the ground that:

> "If the I.R.S. is permitted to continue pursuing Robert Dunne individually, the Debtor will not be able to propose nor confirm a Plan of Arrangement, as the personal participation of Dunne is necessary for that purpose." (C.P. No. 1, paragraph 12.)

The I.R.S.' motion to dismiss was heard on January 3. I conclude that this action is precluded by the anti-injunction statute, 26 U.S.C. § 7421.

The motion presents four other grounds which are adequately answered by the debtor and do not require further discussion here.

The I.R.S. has filed a claim in this case for the debtor's pre-petition FICA and FUTA trust fund taxes. The claim sought to be enjoined, however, is a claim against the debtor's president under 26 U.S.C. § 6672 in the amount of $271,578 as a penalty for his failure, as a responsible officer of the corporation, to pay the corporate debtor's liability for these pre-petition trust fund obligations. The debtor filed a plan a month ago (C.P. No. 86) which proposes treatment of the tax claim, but that plan will not be before the court for confirmation or rejection for another two months.

The anti-injunction statute, 26 U.S.C. § 7421(a), is completely unambiguous:

> "Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1), and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person ..."

There is no precedent for disregarding the statute for the reasons urged here by the debtor. *Bob Jones University v. Simon*, 416 U.S. 725, 745, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974); *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 6, 82 S.Ct. 1125, 1128, 8 L.Ed.2d 292 (1962).

*In Matter of Becker's Motor Transportation, Inc.*, 632 F.2d 242, 246 (3rd Cir. 1980), *cert. denied*, 450 U.S. 916, 101 S.Ct. 1358, 67 L.Ed.2d 341 (1981), the court held that:

> "Congress has not chosen to include bankruptcy court adjudications within the exception to § 7421(a) ... However persuasive the arguments against application of § 7421(a) to bankruptcy court adjudications may be, we believe that a bankruptcy court exemption cannot be judicially fashioned without contravening congressional intent. Although there may be some merit in permitting the policy behind the Bankruptcy Act to outweigh the rationale that underpins the anti-injunction legislation, such argument should be addressed to Congress."

That case was decided under the former Act, however, as the court noted:

> "Congress, in enacting the Bankruptcy Reform Act of 1978 ... did not address the question whether bankruptcy courts may enjoin the collection of taxes, although it expressly provided that bankruptcy courts may 'determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax.' 11 U.S.C.A. § 505(a)(1)." *Id.* at 246, n. 3.

The quoted provision in the present Code is indistinguishable from § 2a(2A) of the former Act.

In *In re Pressimone*, 39 B.R. 240, 243 (N.D.N.Y.1984), the District Court in reversing a bankruptcy court order restraining the I.R.S., held that the anti-injunction statute is applicable to a bankruptcy court purporting to act under the present Code. In that decision, the court reviewed the split of decisions in the bankruptcy court and the decisions under the anti-injunction statute. No purpose would be served in repeating that discussion here. I agree with the Third Circuit and the *Pressimone* decisions.

The contrary decisions by some of my colleagues argue that the grant to this court of jurisdiction to determine the amount or legality of any tax, § 505(a)(1), coupled with the grant of jurisdiction to:

> "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," (§ 105)

may be interpreted as a legislative determination by Congress to exempt the bankruptcy court from the anti-injunction statute. Both provisions, however, were present under the former Act.

There is no hint in the legislative history of the present Code that there was any intention to alter the law in question here or to create an exception under the anti-injunction act. In fact, the legislative scheme incorporated in the present Code clearly suggests otherwise. The automatic stay contained in § 362(a) does *not* enjoin a creditor from collecting his claim from a co-obligor of a chapter 11 debtor, although the Code explicitly stays an action against a co-obligor of a chapter 13 debtor in § 1301. *Pitts v. Unarco Industries, Inc.*, 698 F.2d 313, 314 (7th Cir.1983).

It is worth noting that, in § 509, a co-obligor who has paid a claim against a debtor in bankruptcy is explicitly subrogated to that claim in the bankruptcy court. It is entirely plausible, therefore, that Congress expected the president of this debtor corporation to either pay the tax for which he is a co-obligor and await recovery from the corporate debtor as a subrogee or file for relief himself as a debtor in the bankruptcy court and thus avail himself of the automatic stay. With these two avenues available, there is no necessary inference that Congress intended any broader protection for co-obligors. There is no irreconcileable conflict between the anti-injunction statute and the legislative pattern of the present Code.

The motion of the I.R.S. is granted and this adversary proceeding is dismissed.