Betsy Steinfeld, Asst. U.S. Atty., Wheeling, W.Va., Charles Baer, Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

William D. Wilmoth, Schrader, Stamp, Byrd, Byrum & Companion, Wheeling, W.Va., for Pierce Coal and Const.

Robert G. Durnal, Junior, W.Va., Trustee.

**In re PIERCE COAL AND CONSTRUCTION, INC., Debtor.**

**Laurence I. GOODMAN, Plaintiff,**

v.

**UNITED STATES of America and Robert G. Durnal, Trustee, Defendants.**

**Bankruptcy No. 81–00263–C.**

**Adv. No. 85–0027.**

United States Bankruptcy Court, N.D. West Virginia.

May 6, 1985.

## MEMORANDUM OPINION

JOHN H. KAMLOWSKY, Bankruptcy Judge.

Pierce Coal and Construction, Inc. (hereinafter debtor), filed its voluntary Chapter 11 petition on April 8, 1981. The debtor filed a Motion to Convert to a case under Chapter 7 on May 5, 1982. The Court entered an order approving the Motion to Convert on May 6, 1982, at which time Robert Durnal was appointed Chapter 7 trustee.

On February 21, 1985, Laurence I. Goodman, a resident of Atlanta and Chairman of the Board of Pilgrim Coal Corporation, owner of the debtor corporation, filed a complaint seeking a permanent injunction against the Internal Revenue Service from assessing and collecting a 100% penalty and tax, pursuant to 26 U.S.C.A. § 6672 (West 1967 & Supp.1985), against him. He further requested that the trustee pay to the Internal Revenue Service the tax liabilities of the debtor.

The trustee filed an answer on March 6, 1985 joining Goodman in requesting this Court to allow payment of all Chapter 7 claims and administrative expenses incurred to date, as well as all Chapter 11 priority claims.

On March 8, 1985, an order was entered preliminarily enjoining the United States of America and her agents from taking any further collection activity against Goodman in regard to any taxes allegedly due and owing the United States by the debtor.

The United States of America filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedures, Rule 12(b), applied to adversary proceedings by Bankruptcy Rule 7012, asserting that this Court lacked jurisdiction and that the plaintiff failed to state a claim upon which relief could be granted.

■ The Motion to Dismiss was heard April 6, 1985. The issue presented is whether the Bankruptcy Court can enjoin the Internal Revenue Service from assessing a 100% tax penalty under 26 U.S.C.A. § 6672 (West 1967 & Supp.1985) against a non-debtor, corporate officer of the debtor corporation. Present was William D. Wilmoth, counsel for Laurence I. Goodman, plaintiff; Robert G. Durnal, trustee; Betsy Steinfield, Assistant United States Attorney; and Charles Baer representing the United States of America and the Internal Revenue Service. Having reviewed the memoranda of counsel and having heard the arguments of counsel, I find as follows.

11 U.S.C. § 505 provides, inter alia:

(a)(1) Except as provided in paragraph (2) of this subsection, the Court may determine the amount or legality of any tax, any fine or penalty relating to a tax, whether or not previously assessed, whether or not paid, or whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

The Anti-Injunction statute, 26 U.S.C.A. § 7421(a) (West 1967 & Supp.1985) explicitly provides, inter alia, "... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person whether or not such person is the person against whom such tax was assessed."

Considering the two statutes as they relate to the present case, I cannot conclude that I have jurisdiction to entertain the issue. The legislative history of 11 U.S.C. § 505 reveals that Congress intended that bankruptcy courts be permitted to determine the tax liability of the *debtor*. There is no mention of bankruptcy courts being permitted to take jurisdiction over the officers of a corporate debtor regarding tax issues. What I have before me is a corporate debtor in a Chapter 7 liquidation. I am not confronted with the probabilities of a successful reorganization of a corporate debtor with a confirmed plan. None of the debtor's corporate officers have filed personal bankruptcy petitions in this Court.

Furthermore, a careful review of 26 U.S.C.A. § 7421 as well as the case law regarding that statute does not reveal that bankruptcy should be considered a blanket exception to the mandate of the Anti-Injunction Act with the factual circumstances presented in this case. I agree with the District Court's ruling in *In Re Pressimone*, 39 B.R. 240 (N.D.N.Y.1984), that:

the purpose of the Act is to serve the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference and to require that the legal rights to the disputed sums be determined in a suit for a refund.

I do not hold that there is a general policy that a bankruptcy court is prohibited from taking jurisdiction with regard to tax assessment and collection. The purpose of bankruptcy is to provide a debtor with a fresh start regarding economic matters. The court in *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975), confirmed the proposition that "the Bankruptcy Court must have the power to enjoin the assessment and/or collection of taxes in order to protect its jurisdiction, administer the bankrupt's estate in an orderly and efficient manner, and fulfill the ultimate policy of

the Bankruptcy Act." Id. at 744. There is presently no threat to my jurisdiction over the debtor nor is the Government's assessment of taxes on the corporate officers a pending threat to the administration of the bankrupt's estate.

I find that with the factual situation before me, I do not have jurisdiction over the debtor's corporate officers. Certainly, matters such as these must be decided on a case-by-case basis.

■ Corporate officers are under a fiduciary duty to withhold and pay to the government certain trust fund taxes for which the corporation is primarily liable. If the obligation is neglected, Congress has provided that the government may seek her remedy against the individual responsible for the collection. Bankruptcy does not provide a haven for a bankrupt corporate debtor's officers who have failed in their corporate duties. 26 U.S.C.A. § 6672 (West 1967 & Supp.1985) states:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under Section 6653 for any offense to which this section is applicable.

"It is well settled that a § 6672 penalty is *distinct from and in addition to* the employer's liability for the tax." *United States v. Huckabee Auto Co.*, 46 B.R. 741, 3 Bankr.L.Rep. (CCH) ¶ 70,294, at p. 86,597 (Bankr.M.D.Ga. February 20, 1985). The remedy has been made available to the Internal Revenue Service and may be pursued.

I would point out that corporate officers of a debtor possibly may not be left without a remedy. 11 U.S.C. § 509(a) provides, inter alia, that an entity liable with the debtor on a claim, and pays the claim, has the right of subrogation to the claim in the bankruptcy court.

It is entirely plausible, therefore, that Congress expected the president of this debtor corporation to either pay the tax for which he is a co-obligor and await recovery from the corporate debtor as a subrogee or file for relief himself as a debtor in the bankruptcy court and thus avail himself of the automatic stay.

*In Re Franklin Press, Inc.*, 46 B.R. 523, 3 Bankr.L.Rep. (CCH) ¶ 70,295, at p. 86,599 (Bankr.S.D.Fla. January 29, 1985).

Therefore, since I find that I do not have jurisdiction over the issue presented, the Motion to Dismiss filed by the United States is granted.

It is accordingly

SO ORDERED.