In the Matter of ERC/SCHEIBLE, INC., Debtor.

ERC/SCHEIBLE, INC., Plaintiff,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 85–1471.
Adv. No. 85–256.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 27, 1985.

158

Langfred W. White, Tampa, Fla., for plaintiff/debtor.

Robert Merkle, U.S. Atty., Lynne L. England, Asst. U.S. Atty., Tampa, Fla., for U.S. Atty. Robert Merkle.

Marika Lancaster, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for U.S. of America.

Edwin Neese, Atty. Gen., Dept. of Justice, Washington, D.C., William Oppenheim, Tampa, Fla., for I.R.S.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with due notice upon the Defendant's Motion to Dismiss Complaint for Injunctive Relief filed in the above-captioned Chapter 11 adversary proceeding. The Complaint, filed by Erc/Scheible (Debtor), seeks to enjoin the Internal Revenue Service (IRS) from assessing or collecting penalties on unpaid employment taxes, pursuant to 26 U.S.C., § 6672, from officers, directors and shareholders of the Debtor, based on taxes not paid by the Debtor during the second, third and fourth quarters of 1984 and the first quarter of 1985.

In order to put the Motion under consideration in proper perspective, a brief recital of the facts germane to the matter in controversy would be helpful.

On June 7, 1985, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On July 17, 1985, a notice of intent to assess the 100% penalty against Lynn H. Trait, Vice President, General Manager, Director and 51% shareholder of the Debtor corporation, was issued by the IRS. Robert Scheible, President, Director and 49% shareholder of the Debtor corporation is charged with marketing of the Debtor's services. He is also in charge of engineering services rendered by the Debtor to customers of the Debtor. The Debtor contends the services of Ms. Trait and Mr. Scheible are essential to the Debtor's reorganization efforts and seeks to enjoin the IRS from assessing and collecting a 100% penalty against them on the grounds that to permit collection of the 100% penalty from the principals would impair the Debtor's reorganization efforts and would irreparably harm the Debtor. The IRS contends, first, that the Debtor has no standing to seek the injunctive relief and, in any event, that such injunctive relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. Second, the IRS contends that there is no jurisdiction in the bankruptcy court to enjoin the IRS from assessing and collecting the 100% tax liability. *Goodman v. United States (In re Pierce Coal and Construction Co.),* 49 B.R. 779 (Bankr.N.D.W.Va.1985).

The Debtor concedes, as it must, that the Anti-Injunction Act § 7421(a) of the Internal Revenue Code of 1954 provides a gener-

 

al prohibition against actions seeking to enjoin the assessment or collection of any federal tax. The Debtor contends that based on the exceptions to the Anti-Injunction Act promulgated by the Supreme Court in *Enochs v. Williams Packing & Navigation Co., Inc.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), it is entitled to the relief sought. The Supreme Court held in *Williams Packing* that a taxpayer may obtain injunctive relief against the IRS in spite of the Anti-Injunction Act provided it is able to establish (1) that the IRS could not ultimately prevail and (2) that equitable jurisdiction otherwise exists. Further, the Debtor contends that to allow the assessment of the 100% penalty would irreparably harm the Debtor.

The IRS contends that under the standards set out in *Williams Packing,* the Debtor has failed to demonstrate both requirements and, therefore, the requested relief is precluded by the Anti-Injunction Act. The IRS further contends that the purpose of the Anti-Injunction Act is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference" and "to require that the legal right to the disputed sums be determined in a suit for refund". *Bob Jones University v. Simon,* 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974).

Further, pursuant to the standards set forth in *Williams Packing,* the IRS contends that the Debtor does not demonstrate both requirements to maintain the suit for an injunction. Therefore, the IRS contends that the suit is barred by the Anti-Injunction Act because to allow such injunctive relief would disregard the intent of Congress pursuant to 26 U.S.C. § 6672 to make certain individuals within a company personally liable for failing to collect and pay employment taxes.

■ This Court does not base its decision on whether the arguments set forth by the parties may be maintained on the basis of the cited cases. The Court finds that, based on the recent decision by the United States District Court for the Middle District of Florida, the Anti-Injunction Act, 26 U.S.C. § 7421 bars the bankruptcy court from enjoining the collection from non-debtor third parties of penalties pursuant to 26 U.S.C. § 6672. The Court finds that the corporation lacks standing to contest a tax assessed against an individual non-debtor on the grounds that taxes pursuant to 26 U.S.C. § 6672 are separate from the corporation's liability to pay the underlying taxes. *United States v. A & B Heating and Air Conditioning, Inc.,* 57 B.R. 360 (M.D.Fla. 1985). Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor's action seeking to enjoin the IRS from assessing and collecting taxes pursuant to 26 U.S.C. § 6672 be, and the same is hereby, denied, the Motion to Dismiss Complaint for Injunctive Relief be, and the same is hereby, granted and the above-styled case is hereby dismissed with prejudice.