CAMBRIDGE MACHINED PRODUCTS CORP., Debtor, Erlin Manor Nursing Home, Inc., Debtor, St. John's Nursing Home, Inc., Debtor, Dartmouth House Nursing Home, Inc., Debtor, Agawam Creative Marketing Associates, Inc., Debtor, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Bankruptcy Nos. 84–00944–JG, 81–02345–JG, 81–02346–JG, 81–02344–JG and 83–01695–JG.
Adv. Nos. 85–0050, 85–0082 to 85–0085.

United States Bankruptcy Court, D. Massachusetts.

Dec. 31, 1985.

## MEMORANDUM

THOMAS W. LAWLESS, Bankruptcy Judge.

The Complaints of the five Chapter 11 debtors in each of these adversary proceedings [1] seek to enjoin on a preliminary and permanent basis the Internal Revenue Service ("IRS") from pursuing further collection efforts on penalty assessments against officers of the debtors. They allege that the debtors will be irreparably harmed by collection from the principals because the officers' attentions will be diverted from the debtors' operations and reorganization plans. The IRS filed Motions to Dismiss the actions asserting three grounds: that the debtors lack standing to bring the Complaints; that the actions are prohibited by the doctrine of sovereign immunity; and, that the actions are barred by The Anti-Injunction Act, 26 U.S.C. § 7421(a).

### Statement of Facts

Cambridge Machine Products Corporation filed a voluntary Chapter 11 petition

---

1. In light of questions of fact and law, the Court consolidated the actions pursuant to F.R.C.P. Rule 42(a), as made applicable hereto by Bankruptcy Rule 7042 (1983).

on July 17, 1984 and has continued to operate as a debtor in possession. As of the date of the filing the debtor owed the IRS approximately $142,896.18 as a priority unsecured claim arising from taxes due for the fourth quarter of 1983 and the second and third quarters of 1984. On January 21, 1985 the IRS, pursuant to 26 U.S.C. § 6671, assessed a 100% "responsible officer" penalty against William B. Fisher, Jr., the debtor's president, in the sum of $100,968.87. The IRS has taken no further collection action against Fisher. The debtor recently filed an Amended Chapter 11 Plan of Reorganization on August 30, 1985 which provides that the debtor will pay the IRS tax claim in full by June 1990 in equal quarterly annual installments of $8600. The plan was confirmed on October 31, 1985.

Erlin Manor Nursing Home, Inc., filed a voluntary Chapter 11 petition on December 31, 1981 and has continued to operate a nursing home as a debtor in possession. The IRS holds a priority unsecured claim against the debtor for withholding and F.I.C.A. taxes in the sum of $114,533.34. On January 24, 1985 the IRS sent notice to Frank C. Romano Jr., the treasurer of the debtor, and its chief operation officer, of its intent to assess a 100% penalty against him as a responsible officer for withholding tax liabilities in the sum of $87,062.30 pursuant to 26 USC § 6671. Subsequently, the IRS served a notice of levy on Eldercare Services, Inc., a company which pays a salary to Romano garnishing Romano's weekly wages except for $200. The debtor filed a Chapter 11 Plan on June 14, 1985, which provides for full payment of the IRS's claim plus interest over six years in six annual installments. The disclosure statement has not yet been approved because on August 1, 1985 the Court ordered numerous amendments and an amended disclosure statement is to be filed.

St. John's Nursing Home, Inc., filed a voluntary Chapter 11 petition on December 31, 1981 and has continued to operate as a debtor in possession. The IRS holds a priority unsecured claim for taxes (withholding & F.I.C.A.) in the amount of $81,003.16.

It served a notice of 100% penalty assessment on Frank G. Romano for $77,873.06. A Chapter 11 amended plan filed on June 15, 1985 provides for full payment of IRS claims over six years in six equal annual installments commencing six months after confirmation. The disclosure statement has not yet been approved because amendments were ordered.

Dartmouth House Nursing Home, Inc., filed a voluntary Chapter 11 petition on December 31, 1981 and has operated as a debtor in possession since that time. The IRS filed a priority proof of claim on January 27, 1983 for approximately $108,000. The IRS on January 24, 1985 sent notice of its intent to assess a 100% penalty against Frank C. Romano, Jr., the debtor's treasurer, and subsequently served a notice of levy on his salary paid by Eldercare Services, Inc. The debtor owes the IRS approximately $75,000. The debtor's plan filed on June 14, 1985 provides for payment in full of the IRS tax claim over a period of six years, the first payment to commence in six months from the effective date of confirmation. The disclosure statement has not yet been approved because the Court has ordered amendments.

Agawam Creative Marketing Associates, Inc. filed a voluntary Chapter 11 petition on December 8, 1983. The debtor owes the IRS approximately $40,000 for pre-petition withholding and F.I.C.A. taxes. On November 5, 1985, the IRS assessed a 100% "responsible officer" penalty against Romano in the sum of $13,351.51. On January 24, 1985 the IRS filed a Notice of Tax Lien on all property of Romano. The debtor has submitted a Chapter 11 Plan of Reorganization which provides for full payment of federal taxes within six years from the date of assessment. The disclosure statement has been approved and a continued hearing on confirmation is scheduled for March 12, 1986.

### LAW

▌ The issue presented is whether the Chapter 11 debtors may obtain injunctive

relief to prevent the IRS from assessing a tax penalty against non-debtor officers of the debtor corporations where it is alleged that such protection is necessary for an effective Chapter 11 reorganization.

The United States argues that Internal Revenue Code § 7421 is an absolute bar to the granting of plaintiff's request for injunctive relief. The so-called "Anti-Injunction Act" provides in pertinent part that:

> "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

26 U.S.C. § 7421 (Supp.1982).

The debtor contends that Bankruptcy Code § 105(a) which permits a bankruptcy judge to issue "any order, or judgment that is necessary or appropriate to carry out the provisions of this title" 11 U.S.C. § 105(a) (Supp.1984), empowers the bankruptcy court to enjoin the IRS from collecting a tax penalty from a debtor's principal, and that this statute takes precedence over and overrides the Anti-Injunction Act. Faced with the issue of which statute prevails, the courts have split on whether a bankruptcy court may enjoin the IRS collection efforts.

A number of courts have held that the Anti-Injunction Act does not bar the bankruptcy court from restraining the IRS from collecting taxes from a non-debtor principal where such an order is necessary "to protect its jurisdiction, administer the bankrupt's estate in an orderly and efficient manner and fulfill the Bankruptcy Act." *E.g., Bostwick v. United States*, 521 F.2d 741, 744 (8th Cir.1975); *In re Original Wild West Foods, Inc.*, 45 B.R. 202 (Bankr. W.D.Tex.1984); *Matter of A & B Heating & Air Conditioning, Inc.*, 48 B.R. 397 (Bankr.M.D.Fla.1985); *In re J.K. Printing Services, Inc.*, 49 B.R. 798 (Bankr.W.D.Va. 1985). Other courts faced with the same issue have ruled that § 7421(a) of The Internal Revenue Code does prohibit the bankruptcy court from enjoining the IRS from making assessments or collections as against non-debtor principals. *In re Beck-*

*er's Motors Transportation, Inc.*, 632 F.2d 242, 246 (3d Cir.1980); *In re Pressimone*, 39 B.R. 240 (N.D.N.Y.1984). *U.S. v. Huckabee Auto Co.*, 46 B.R. 741 (M.D.Ga.1985); *In re Original Wild West Foods, Inc.*, 45 B.R. 202 (Bankr.W.D.Tex.1984). There appear to be no decisions on the issue in this district.

This Court disagrees with those decisions that have concluded that the Anti-Injunction Act does not prohibit collection of a non-debtor principal's tax liability. The purpose of the Anti-Injunction Act is to protect "the government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference". *Bob Jones University v. Simon*, 416 U.S. 725, 736, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). The Internal Revenue Code imposes personal liability for unpaid taxes on corporate officers. 26 U.S.C. §§ 6671, 6672 (Supp.1984). This liability is separate and distinct from that of the corporate employer. *U.S. v. Rayson Sports, Inc.*, 44 B.R. 280 (DC 1984). In fact, the IRS is not obligated to first attempt collection from the corporation before pursuing the responsible officers. *Id.* at 281. There are only two exceptions to the Act's proscription. The first applies where the plaintiff can demonstrate irreparable harm and a certainty of success on the merits. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The second applies where the plaintiff has no alternative means of challenging the tax. *South Carolina v. Regan*, 465 U.S. 367, 104 S.Ct. 1107, 79 L.Ed.2d 372 (1984). Neither exception applies where the validity of the assessment is not challenged. *In re Pressimone*, 39 B.R. 240, 244 (N.D.N.Y. 1984). Thus, the two judicially created exceptions to the Anti-Injunction Act are inapplicable here since the liability itself is uncontested and, in fact, is admitted.

The general source of authority relied on by the debtor in support of its assertion of its exemption from the Anti-Injunction Act is 11 U.S.C. § 105(a) which invests the bankruptcy court with broad

injunctive powers. *L. King, 2 Collier on Bankruptcy*, ¶ 105.02, at 105–1, (15th ed. Supp.1984). However, nothing in the general language or legislative history to § 105(a) indicates that Congress intended it to supercede the proscription of the Anti-Injunction Act to protect third party *non-debtors* from tax collection proceedings. *In re Pressimone*, 39 B.R. 240, 245 (DC 1984).

A review of other applicable sections of the Bankruptcy Code supports the conclusion that Congress did not intend to shield non-debtors from collection of taxes. Section 505 expressly provides that bankruptcy courts may "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax. 11 U.S.C. § 505(a)(1) (1979). The legislative history to 11 U.S.C. § 505 reveals that Congress intended that bankruptcy courts determine the tax liability *of the debtor.* There is no authority for bankruptcy courts to determine the tax liability of the officers of a corporate debtor. *In re Pierce Coal & Const., Inc.*, 49 B.R. 779, 780 (Bankr.N.D. Va.1985). In addition, the automatic stay of § 362(a) does not enjoin a creditor from collecting his claim from a co-obligor of a Chapter 11 debtor. Only in a Chapter 13 case is an action against a co-obligor automatically stayed. 11 U.S.C. § 1301(a) (1979). In contrast, 524 which applies in Chapter 11 cases, 11 U.S.C. § 103(a), specifically provides that the discharge of a debt of the debtor "does not affect the liability of any other entity on ... such debt". 11 U.S.C. § 524(e) (1979). Therefore, it is clear that Congress did not intend § 105 to create a broad exemption for principals of Chapter 11 debtors to the Anti-Injunction Act by reason of their corporation's bankruptcy. *In re Franklin Press, Inc.*, 46 B.R. 523, 525 (Bankr.S.D.Fla.1985).

Those courts which use the general equitable powers of the bankruptcy court in favor of non-debtors to override the clear language of the Anti-Injunction Act are improperly substituting their judgment for that of Congress which has spoken clearly against enjoining collection of taxes. *U.S. v. Rayson Sports, Inc.*, 44 B.R. 280, 283 (N.D.Ill.1984); *In re Pressimone*, 39 B.R. 240, 246 (N.D.N.Y.1984). The Anti-Injunction Act was amended in 1982 and did not include an exception for non-debtor principals of bankrupt companies. *See Arrow Transfer & Storage Co.*, 50 B.R. 726 (E.D. Tenn.1985). "... [A] bankruptcy court exemption cannot be fashioned without contravening congressional intent. Although there may be some merit in permitting the policy behind the Bankruptcy Act to outweigh the rationale that under-pins the anti-injunction rationale, such argument should be addressed to Congress. *Matter of Becker's Motor Transp., Inc.*, 632 F.2d 242, 246 (3rd Cir.1980). Congress did not intend to extend the protection of a corporation's bankruptcy to corporate officers simply because their companies are reorganizing. That the IRS may be able to collect the tax from the debtor over a six year period is an insufficient reason to enjoin the § 6672 penalty. "There is no assurance that the debtor will complete the plan; whether that risk is so minimal is an issue which Congress, not the courts, should decide. Whether the penalty if assessed will in fact injure the debtor is irrelevant. Again, even if § 6672 could operate so as to interfere with a Chapter 11 reorganization, Congress must decide what relief, if any, is warranted." *U.S. v. Huckabee Auto Co.*, 46 B.R. 741, 744 (M.D.Ga.1985).

Although an argument could be made that injunctive relief is appropriate in the initial stages of a chapter 11 proceeding, such is not the case here. In light of the status of these cases, the Court is unwilling to interfere with tax collection from responsible principals. It is important to consider that the non-debtor principal in each of these cases are not without alternative remedies. If the principal pays the claim he is subrogated to the rights of the claimant and is entitled to recovery as a subrogee. *In re Franklin Press, Inc.*, 46 B.R. 523, 525 (Bankr.S.D.Fla.1985). In the alternative, "the corporate insiders can earn the protection of the bankruptcy laws against the tax collector by filing their own companion Chapter 11 proceedings." *In re*

*O.H. Lewis Co., Inc.,* 40 B.R. 531, 533 (Bankr.D.N.H.1984).

Accordingly, since the Court finds that the Anti-Injunction Act prohibits the within action to enjoin with collection of taxes from non-debtor third parties, the defendant's Motion to Dismiss is allowed. In light of this ruling, it is unnecessary to consider the alternative grounds for dismissal asserted by the defendant.