**In re ALVAREZ, Humberto and Georgina.**

**Bankruptcy No. 85–01975–BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Nov. 22, 1985.

Jeffrey Solomon, for creditor.

Elliot Miller, for debtors.

### ORDER DISCHARGING ORDER TO SHOW CAUSE

A. JAY CRISTOL, Bankruptcy Judge.

This Court heard argument on its Rule to Show Cause against Jeffrey Solomon, Esq. at a hearing on November 19, 1985, following the filing of the Motion for Order to Show Cause by debtors in this Chapter 13 proceeding.

The debtors' attorney and Mr. Solomon stipulated that Mr. Solomon as attorney for Interamerican Car Rental, Inc. proceeded to attempt to recover against LAZARO LUIS ALVAREZ, son of the debtors, on a state court judgment against HUMBERTO ALBVAREZ and LAZARO LUIS ALVAREZ, jointly and severally. The parties also stipulated that the judgment was based on an automobile accident in which LAZARO LUIS ALVAREZ was the negligent driver and HUMBERTO ALVAREZ was liable solely on the basis that under Florida Law the owner of the vehicle is also liable.

The debtors contended that the judgment was based on a consumer debt as defined in 11 U.S.C. § 101(7). Section 101(7) provides that a " 'consumer' debt means debt incurred by an individual for a personal, family, or household purpose." The debtors argued that LUIS ALVAREZ was a co-debtor and pursuant to 11 U.S.C. § 1301, Interamerican could not proceed to attempt to collect. Mr. Solomon contended that the judgment based on an automobile accident was not a consumer debt.

This Court finds that tort liability as a result of the actionable negligence of a driver causing an automobile accident is not a consumer debt. It was not the intent of Congress to determine that tort liability based on automobile negligence was a consumer debt. Section 1301 was designed to apply to debts incurred by a co-debtor created by a guarantee, co-signature, or other joint written obligation. *In Re WHITE*, 49 B.R. 869, 13 BCD 33 (W.D.N.Car.1985) also held that tort liability stemming from an automobile accident was not a consumer debt.

Based on the foregoing stipulated facts and conclusions of law, the Order to Show Cause is hereby discharged. Each party's request for attorney's fees is denied.