In re Bruce Claire **HARRISON** d/b/a **Harrison Printing and formerly as a partner in Southeast Printers, Debtor.**

Bruce Clair **HARRISON** d/b/a **Harrison Printing and formerly as partner in Southeast Printers, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Adv. No. 87 J 0348.**

United States Bankruptcy Court, D. Colorado.

Oct. 30, 1987.

Milnor H. Senior, III, Denver, Colo., for plaintiff.

Dahil D. Goss, Asst. U.S. Atty., Denver, Colo., for defendant.

**MEMORANDUM OPINION AND ORDER**

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon a Motion for an Order Extending the

**558**

Automatic Stay filed by the Debtor. The United States of America, on behalf of the Internal Revenue Service ("IRS") filed an answer in this proceeding and a trial occurred on September 30, 1987.

The Debtor filed his Chapter 13 petition on March 13, 1987, pursuant to 11 U.S.C. § 301 (the "Bankruptcy Code"). Mr. and Mrs. Harrison are jointly and severally liable for several thousand dollars worth of unpaid individual income taxes and attendant penalties pursuant to 26 U.S.C. § 6013(d)(3) of the Internal Revenue Code. The Debtor's Chapter 13 plan provides for the payment of these taxes over 56 months. However, the IRS has, as is its right, initiated collection proceedings against the Debtor's wife to collect those taxes; hence the Debtor's Motion to Extend the Stay to enjoin the IRS from collecting the taxes from his wife.

■ The protections of the Bankruptcy Code extend to Debtors who choose to file for relief not to non-debtor third parties. An analysis of the applicable statutory provisions makes that abundantly clear. A debtor is defined by the Bankruptcy Code as a "... person or municipality concerning which a case under this title has been commenced." Section 101(12). The only person who commenced a case herein is Bruce C. Harrison; thus, he is the only debtor. Moreover, debtors are entitled to the protections afforded by the automatic stay in § 362. *In re Loughnone*, 28 B.R. 940 (Bankr.D.Colo.1983). Mrs. Harrison voluntarily chose not to file a joint petition with her husband or her own petition because, according to her testimony, she thought it would destroy her credit rating.

■ As an alternative grounds to extend the stay, the Debtor proposes that § 1301 of the Bankruptcy Code should be applied herein. This proposal is fallacious because § 1301 only applies to the collection of a "consumer debt." Section 101(7) defines this kind of debt as one "incurred by an individual primarily for a personal, family, or household purpose." The Debtor offered no evidence or legal authority on which to base his theory that a tax liability is a consumer debt. This Court concludes that a tax liability is in no way a consumer debt because it originates from the earning of income not in the course of a consumption activity which makes § 1301 likewise inapplicable to the instant matter. *See, In re Pressimore*, 39 B.R. 240, 245 (N.D.N.Y. 1984).

■ As a last resort, the Debtor requests that this Court use its injunctive power pursuant to § 105 in order to restrain the IRS from collecting from Mrs. Harrison. The IRS correctly points out that the Court must also examine the Anti-Injunction Act, as found in 26 U.S.C. § 7421(a) in order to correctly analyze this issue. The exact same issue of which statute, § 105 or the Anti-Injunction Act, predominates over the other is extensively discussed by the court in *Pressimore, supra,* and this Court agrees with the reasoning therein.

> Although Congress invested bankruptcy courts with the authority to issue any orders, process, or judgment that is necessary or appropriate to carry out the provisions of title 11, 11 U.S.C. § 105(a), that grant of authority cannot, under normal rules of construction, be deemed to supercede, *sub silento,* the statutory caveat that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.... 26 U.S.C. § 7421(a).

*Pressimore,* at 246.

Mrs. Harrison is not a debtor and cannot be afforded the protection of the Bankruptcy Code. The IRS is free to pursue its collection remedies against her. It is therefore,

ORDERED that the Debtor's Motion for Enlargement of Stay is denied.