**In re Keith E. BOOK, Debtor.**

**Keith E. BOOK, Plaintiff,**

v.

**The INTERNAL REVENUE SERVICE, Defendant.**

**No. 87–80161.**

United States Bankruptcy Court,
C.D. Illinois.

Jan. 5, 1988.

James S. Brannon, Peoria, Ill., for debtor.

L. Lee Smith, Asst. U.S. Atty., Peoria, Ill., for defendant.

## DECISION AND ORDER

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter is before the Court on the motion of the Debtor, KEITH E. BOOK, pursuant to Bankruptcy Code Section 105, for an order staying the Internal Revenue Service from taking any action to collect income taxes which are the joint obligation of the Debtor and Lucinda Book, the Debtor's former spouse.

Keith E. Book filed a petition under Chapter 13 of the Bankruptcy Code on January 28, 1987. In his petition, Book listed the Internal Revenue Service as having the following priority claims: 1984 ordinary income tax $182.74; 1985 ordinary income tax $15,686.33; and 1986 ordinary income tax $11,126.00. The plan filed by the Debtor which proposes to pay the taxes in full was confirmed by this Court.

On September 3, 1987, the Debtor filed this motion pursuant to Section 105 alleging that the Internal Revenue Service had seized a tax refund belonging to Lucinda Book and that it was threatening to levy upon her wages. The Internal Revenue Service opposed the motion, arguing that (1) the Debtor lacks standing to maintain this action on behalf of his former spouse; (2) the United States has not waived sovereign immunity and (3) the injunction is barred by the Anti-Injunction Act.

It is the third point raised by the Internal Revenue Service which is decisive of the matter here. The Anti-Injunction Act (26 U.S.C. Section 7421(a)), provides:

"Except as provided in sections 6212(a) and (c), 6213(a), 6672(b), 6694(c), 7426(a) and (b)(1) and 7429(b), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

Under the recent decision of the Seventh Circuit Court of Appeals in *In the Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d 390 (7th Cir.1987), this Court lacks jurisdiction to enjoin the collection of taxes from Lucinda Book, who is not a debtor in these proceedings.

For the foregoing reason, the motion of the Debtor, KEITH E. BOOK, is DENIED.