**In re Wilmer Dean GOLDSBY.**

**Wilmer Dean GOLDSBY and Laverne Goldsby, Plaintiffs,**

**v.**

**UNITED STATES of America and A.L. Tenney, Trustee, Defendants.**

**Bankruptcy No. 87–41836–S.**
**Adv. No. 91–4152.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 13, 1992.

Carey Basham, Little Rock, Ark., for debtor.

John Russell, Tax Div., U.S. Dept. of Justice, Washington, D.C., for IRS.

A.L. Tenney, No. Little Rock, Ark., Trustee.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE came on for trial on December 16, 1991, before the Honorable Mary Davies Scott. Carey E. Basham appeared for the plaintiffs and John D. Russell, U.S. Department of Justice, appeared for the defendant Internal Revenue Ser-

vice.[1] When the cause was called the parties submitted oral stipulations to the Court and thereafter submitted briefs.

The plaintiffs initiated this adversary proceeding alleging that the United States violated the automatic stay of 11 U.S.C. § 362 by collecting federal income taxes due from the debtor's wife. The Complaint[2] asserts that the Internal Revenue Service collection action against Mrs. Goldsby constitutes a violation of Bankruptcy Code section 1301(a) inasmuch as Mrs. Goldsby is a co-debtor for the taxes due. The plaintiffs' brief also asserts that Bankruptcy Code section 362 applies to preclude collection action against her. Thus, the primary issue in this case is whether Internal Revenue Service levies against Mrs. Goldsby, who is not in bankruptcy, but is a co-debtor with her debtor husband with respect to internal revenue taxes owed to the United States, constitute a violation of Bankruptcy Code sections 362 and/or 1301(a).

## I. THE STIPULATED FACTS

The parties stipulated to the following facts:

1. The debtor, Wilmer Dean Goldsby is under the supervision of this Court pursuant to his confirmed and pending Chapter 13 plan. A.L. Tenney is the Standing Chapter 13 Trustee of this Court.

2. Mrs. Goldsby did not file for bankruptcy protection; only Mr. Goldsby is a debtor.

3. On September 17, 1990, a delegate of the Secretary of the Treasury made an assessment against Laverne Goldsby for internal revenue taxes for the 1983 taxable year.

4. The plaintiff Laverne Goldsby is the wife of the debtor and as such is a co-debtor on a certain indebtedness to the Internal Revenue Service based upon tax returns filed jointly by the debtor and Mrs. Goldsby.

5. The debtor's plan proposed to pay to the Internal Revenue Service, as a priority creditor, all indebtedness of the debtor and Mrs. Goldsby based upon the income tax return of the parties for the 1983 taxable year. Such taxes constitute personal income taxes based upon a joint return filed by the debtor and Laverne Goldsby.

6. The debtor's plan has been confirmed and is still pending.

7. Despite the knowledge of the pendency of the plan and the receipt of distributions pursuant to the terms of the plan, the Internal Revenue Service served levies against the bank accounts and the earnings of Mrs. Goldsby, by serving the Little Rock School District, her employer, and her banking institution with such levies.[3]

## II. CONCLUSIONS OF LAW

This Court's jurisdiction is derived from 28 U.S.C. § 1334, which states in part that "The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction of all of the property, wherever located, of the debtor as of the commencement of the case, and of property of the estate." 28 U.S.C. § 1334(d). Cases arising under title 11 may be heard by the Bankruptcy Court under 28 U.S.C. § 157(b), which provides:

---

1. The Court notes at the outset that the Internal Revenue Service is not a proper party to this action. The suable entity is the United States of America. In the interests of avoiding duplicitous litigation and upon the consent of the United States, the Court hereby substitutes the United States of America as the governmental entity sued.

2. Both Mr. and Mrs. Goldsby are named as party plaintiffs in the Complaint. Plaintiffs' brief indicates that Mrs. Goldsby should be dismissed from the adversary proceeding. Inasmuch as this opinion dismisses the adversary proceeding, the Court need not address whether Mrs. Goldsby is a proper party. In any event, no motion has been filed seeking her dismissal. See Bankruptcy Rule 7041.

While the introductory paragraphs of the Complaint allege an action on behalf of both Mr. and Mrs. Goldsby, the prayer requests relief only for Mrs. Goldsby. The plaintiffs' brief later indicates that Mrs. Goldsby should be dismissed as a party plaintiff. In order to avoid duplicitous proceedings, the Court will construe the prayer as requesting relief on behalf of both plaintiffs.

3. The Complaint also states that the earnings of Mrs. Goldsby are not property of the estate.

Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

Thus, this Court's jurisdiction is limited to cases arising under title 11.

■ An action to prohibit or restrain the collection of a tax against a non-debtor does not fall within the purview of title 11 simply by virtue of the tax debt being a joint liability with a debtor. *See In re Hall,* 123 B.R. 441, 444 (Bankr.N.D.Ga. 1990). The benefits and protection of title 11 apply only to those who choose to file a petition for relief under sections 301, 302, or 303. *Id.* Upon filing the petition, a person becomes a "debtor" entitled to certain protections under the Bankruptcy Code (11 U.S.C.). A debtor is a "person ... concerning which a case under this title has been commenced." 11 U.S.C. § 101(12). In the instant case, only Mr. Goldsby chose to file a bankruptcy petition. Mrs. Goldsby has not filed a petition, and she is therefore not entitled to the protection afforded debtors under the Bankruptcy Code. *See In re Harrison,* 82 B.R. 557 (Bankr.D.Colo.1987). Thus, but for a specific grant of authority, this Court has no jurisdiction to order relief with respect to collection of a debt against Mrs. Goldsby. *See Johnson v. First National Bank of Montevideo,* 719 F.2d 270, 273 (8th Cir. 1983) ("[A] bankruptcy court possesses only the jurisdiction and powers expressly or by necessary implication conferred by Congress.... Although a bankruptcy court is essentially a court of equity, ... its broad equitable powers may only be exercised in a manner which is consistent with the provisions of the Code.") (citations omitted).

■ The plaintiffs assert that section 1301 grants such authority. Specifically, the Complaint asserts that the collection action against Mrs. Goldsby constitutes a violation of 11 U.S.C. § 1301(a). Section 1301(a) provides in pertinent part:

§ 1301. Stay of action against codebtor.

(a) Except as provided in subsection (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt.
* * *

There is no dispute as to whether Mrs. Goldsby is a co-debtor within the meaning of this section: she is liable with her husband for the taxes due for their joint federal income taxes. The issue is thus whether the federal income taxes constitute a "consumer debt" within the meaning of this section.

Several cases have addressed this issue, all of which have determined that federal income taxes do not constitute a consumer debt. *In re Reiter,* 126 B.R. 961, 964 (Bankr.W.D.Tex.1991) ("Congress intentionally circumscribed the scope of the co-debtor stay by limiting its application to *consumer* debt, in much the same way it limited the application of other sections of the Bankruptcy Code."); *In re Rutt,* 98 B.R. 490 (Bankr.D.Neb.1988); *In re Book,* 87 B.R. 54, 55 (Bankr.C.D.Ill.1988); *In re Harrison,* 82 B.R. 557 (Bankr.D.Colo.1987); *In re Pressimone,* 39 B.R. 240, 245 (N.D.N.Y.1984) (reasoning that the tax liability is incurred in the course of earning income, not in the course of consumptive activity); *Stann v. Mid American Credit Union,* 39 B.R. 246, 248 (D.Kan.1984); *In re Gault,* 136 B.R. 736 (Bankr.E.D.Tenn. Oct. 11, 1991) (" 'Consumer debt' is defined at 11 U.S.C.A. § 101(8) (West Supp.1991) as debt 'incurred by an individual primarily for a personal, family, or household purpose.' An income tax liability is simply not a consumer debt because it is not incurred in the course of a consumptive activity."). *See A to Z Welding and Manufacturing Co., Inc. v. United States,* 803 F.2d 932 (8th Cir.1986); *see also Laughlin v. United States,* 912 F.2d 197 (8th Cir.1990). The plain language of the statute precludes the conclusion that section 1301 operates as a stay of collection against Mrs. Goldsby. Plaintiffs even appear to recognize this pre-

cept inasmuch as their trial brief abandons section 1301, and argues instead that section 362 prohibits collection against Mrs. Goldsby.

■ Plaintiffs frame the issue before the Court as follows: "Are the earnings of the non-debtor spouse, LaVerne Goldsby, property of the bankrupted estate of Wilmer Dean Goldsby so as to afford them protection pursuant to 11 U.S.C. § 362?" Plaintiffs' prior admissions preclude this argument inasmuch as Paragraph 8 of the Complaint expressly states that the earnings of Mrs. Goldsby are *not* property of the estate.

The argument must also fail for factual and legal reasons. First, there is no evidence to support plaintiffs' argument that Mr. Goldsby "depended upon his spouse's earnings for the support of himself and his family to a very large degree during the pendency of the Chapter 13 plan.... The remainder of the monthly expenses of the family were to be made from Mrs. Goldsby's earnings." Plaintiff's Brief at 2–3. The parties stipulated to particular facts on the date set for trial. The facts upon which the plaintiffs now appear to rely were not presented at trial and thus are not in evidence before the Court.

In any event, Congress has provided for specific exemptions from levy. *See* 26 U.S.C. § 6334(a), (d). Accordingly, Mrs. Goldsby is entitled to receive a Congressionally specified portion of her income for her and her dependent's support. The plan provides for Mr. Goldsby's support. Thus, even were the plaintiffs' assumptions before the Court, as a factual matter, this Court finds that Mr. Goldsby's "reliance" is uncalled for. Indeed, the debtor's Chapter 13 petition does not take into account Mrs. Goldsby's wages: the budget specifically states that the spouse's wages are not applicable.

Finally, it must be noted that the inclusion of Mrs. Goldsby's wages is inconsistent with the provisions of the Code and the provisions for the creditors. Mr. Goldsby's plan was approved by creditors and this Court based upon the plan and budget submitted by the debtor. Had Mrs. Goldsby's wages been included, the distribution to the creditors might well have been greater than under the present plan. An order protecting Mrs. Goldsby's wages will have the effect of protecting a non-debtor's wages without considering those wages in payment to creditors.

■ Plaintiffs' factual arguments do not make Mrs. Goldsby's income property of the estate. The analysis in *In re Reiter,* 126 B.R. 961 (Bankr.W.D.Tex.1991), upon which the plaintiffs rely, is based upon section 541(a)(2) which speaks solely to the inclusion of particular *community property* assets. The term "community property" is a legal term applied to those states which have adopted the community property system. For this reason, that portion of the *Reiter* case which holds that the earning of a non-debtor spouse are property of the estate is inapplicable. "The community estate springs entirely from statutory sources, and its nature and extent depend wholly upon the applicable state law." *Collier on Bankruptcy,* ¶ 541.15 at 541–80 to 541–81 (15th ed. 1991). Inasmuch as Arkansas is not a community property state, *Goode v. Goode,* 286 Ark. 463, 692 S.W.2d 757 (1985),[4] section 541(a)(2), and thus *Reiter,* is inapplicable.

■ Finally, plaintiffs argue that inasmuch as Mr. Goldsby's plan provides for full payment of the taxes, the United States should be prohibited from seeking payment from persons jointly liable. This argument has previously been addressed and rejected by the Eighth Circuit. In *Kelly v. Lethert,* 362 F.2d 629 (8th Cir. 1966), an officer of a corporation, a non-debtor, who was jointly liable with the corporate debtor, sought an injunction prohibiting the Internal Revenue Service from collecting the debt against him. One of the bases asserted for the injunction was that the United States could collect the taxes from the corporate bankruptcy estate. The Eighth Circuit decided that such considera-

---

**4.** Despite plaintiffs arguments to the contrary, pronouncements regarding marital duties and love do not convert Arkansas into a community property state.

tions were "not material" to the appeal,[5] stating that:

> It is, moreover, well settled that a taxpayer who is equally liable with another for the payment of accrued but unpaid tax, cannot avoid collection against himself on the ground that the Government should first collect it from the other party. *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). * * *

*Kelly*, 362 F.2d at 635.

It is apparent from the Bankruptcy Code and the case law that non-debtors are not protected from the IRS collection action. Aside from the co-debtor stays provided in sections 1201 and 1301, there is no provision protecting non-debtors or their property. On the other hand, Congress requires the Internal Revenue Service to collect taxes due. 26 U.S.C. § 6301; *see* 26 U.S.C. § 7601. This Court will not create an exception to the Bankruptcy Code where Congress has not seen fit to do so. *See Laughlin*, 912 F.2d at 200 ("[W]e have no basis here for dictating to the IRS the methods by which it may collect taxes. It is for Congress to impose upon the IRS the requirement of specifying the estates' upon which the notice of levy is to apply or to create a bankruptcy exception to the Anti-injunction Act.").

### III. CONCLUSION

This Court does not have subject matter jurisdiction over this proceeding inasmuch as Mrs. Goldsby is not a debtor in bankruptcy. Although she is a co-debtor with the bankrupt, the Bankruptcy Code does not provide for jurisdiction over a dispute between the non-debtor and her creditor. Accordingly, this matter will be dismissed.

ORDERED that this adversary proceeding is hereby dismissed with prejudice for lack of jurisdiction.

IT IS SO ORDERED.

---

**5.** Of course, the United States may only collect the tax once. Any funds collected from Mrs. Goldsby must likewise be applied to Mr. Goldsby's liability. *See Kelly*, 362 F.2d at 635.