**In the Matter of Susan M. GREENE, Debtor.**

**Bankruptcy No. 91–20384.**

United States Bankruptcy Court,
S.D. Georgia,
Brunswick Division.

April 28, 1993.

## MEMORANDUM AND ORDER ON MOTION FOR RECONSIDERATION

LAMAR W. DAVIS, Jr., Chief Judge.

On January 14, 1993, a hearing was held on the United States' Motion for Reconsideration of this Court's Order of January 30, 1992, which classified an Internal Revenue Service claim as contingent. Pursuant to the evidence presented at the hearing, the stipulation of the parties, and the applicable authorities, I make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Debtor filed her Chapter 13 bankruptcy petition on May 13, 1991. The Internal Revenue Service ("IRS") filed an unsecured priority claim in the amount of $3,156.82; the Debtor and her husband filed joint tax returns and are jointly and severally liable for taxes due for 1988, 1989, and 1990.

On December 5, 1991, a confirmation hearing was held. Debtor's counsel informed the court that the IRS had levied on the wages of Debtor's husband and argued that the levy violated the automatic stay of 11 U.S.C. Section 362 and the co-debtor stay of 11 U.S.C. Section 1301. At the hearing I agreed with the Debtor and ordered that the IRS claim should be treated as contingent as long as Debtor's spouse paid the obligation. Further, the IRS was permitted to seek payment of the claim if the spouse did not pay. An order was entered reclassifying the IRS claim on January 30, 1992.

The IRS appealed the court's order arguing lack of jurisdiction as the government was not served with Debtor's objection to the claim. The IRS also contended that the co-debtor stay does not apply to a joint and several tax liability. On appeal the District Court remanded the case, 145 B.R. 714 (1992), concluding that the proper procedure to handle the IRS' objections would be for the IRS to file a Motion for Reconsideration to be heard by the bankruptcy court.

A hearing was held on January 14, 1993, on the IRS Motion for Reconsideration. The IRS argued that the court erred in relying on Section 1301 as authority to prevent the IRS from collecting its claim from the Debtor. Further, the IRS argued that a joint and several tax liability is not a consumer debt, which is a requirement for application of Section 1301.

The Debtor argued that the IRS was "double dipping" by levying against the wages of Debtor's spouse and attempting to enforce its claim in Debtor's bankruptcy case. The Debtor argued that she is being indirectly penalized as the IRS continues to add penalties and interest to the non-debtor's portion of the claim and that Debtor and her husband have been unable to reduce the principal amount of their tax liability despite payments. Debtor filed a written objection to the allowance of the

IRS claim which is encompassed in this order.

## CONCLUSIONS OF LAW

Section 1301 of the Bankruptcy Code, the Chapter 13 co-debtor stay, provides as follows:

(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt ...

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) the plan filed by the debtor proposes not to pay such claim; or

(3) such creditor's interest would be irreparably harmed by continuation of such stay.

11 U.S.C. § 1301. In order for Section 1301 to apply at all, the debt at issue must be a "consumer debt." A "consumer debt" is defined in the Bankruptcy Code as a "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). The majority of cases interpreting Section 1301 have concluded that a tax liability is not a consumer debt because the debt is incurred while earning income and not during consumption activity. *In re Pressimone*, 39 B.R. 240, 245 (N.D.N.Y.1984); *In re Harrison*, 82 B.R. 557, 558 (Bankr.D.Colo.1987). *In re Reiter*, 126 B.R. 961, 964 (Bankr. W.D.Tex.1991). These courts have concluded that the co-debtor stay does not apply against the IRS in collection efforts against a non-debtor spouse jointly and severally liable on a tax debt. I am persuaded by the rationale of these cases and therefore hold that the Internal Revenue Service is not stayed by Section 1301.

Further, under Eleventh Circuit precedent:

The jurisdiction of the bankruptcy court encompasses determinations of the tax liabilities of debtors when they file petitions for relief under the bankruptcy laws. It does not, however, extend to the separate liabilities of taxpayers who are not debtors under the Bankruptcy Code.

*United States v. Huckabee Auto Co.*, 783 F.2d 1546, 1549 (11th Cir.1986). In light of the above authorities, I conclude that the Section 1301 co-debtor stay does not prevent collection efforts by the Internal Revenue Service against the Debtor or apply to the collection activities of the IRS against Debtor's spouse. However, the court is mindful of the difficulties Debtor and her spouse face in making payments to the IRS considering the limited household income. I certainly agree with the District Court in *In re Pressimone, supra,* when it stated:

Although it may not be restrained by any court, it is hoped that the IRS would exercise self-restraint in situations such as this one, where its collection efforts disrupt a fair recovery plan.

*Pressimone,* 39 B.R. at 246, n. 2. The motion for reconsideration filed by the IRS is granted. The IRS must file an amended claim within fifteen (15) days from receipt of this order, which credits and takes into consideration all payments received from either spouse. Debtor is to file an amended plan providing for the IRS claim to be allowed and paid through Debtor's plan within thirty (30) days from receipt of this order.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that the claim of the Internal Revenue Service against Debtor, Susan M. Greene, is an allowed claim to be paid through Debtor's Chapter 13 plan.

IT IS FURTHER ORDERED that the Internal Revenue Service has fifteen (15) days from the date of this order to file an amended claim crediting all payments received from either spouse. Debtor IS HEREBY ORDERED to file an amended plan within thirty (30) days providing for an allowed claim by the Internal Revenue service to be paid in Debtor's Chapter 13 plan.