### In re Michael MARSHALEK, Debtor.

### Bankruptcy No. B93–12209.

United States Bankruptcy Court,
N.D. Ohio, E.D.

Sept. 13, 1993.

William G. Droe, Cleveland, OH, for debtor.

Steven S. Davis, Cleveland, OH, trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

The U.S. Trustee seeks to obtain a dismissal of the Debtor's Chapter 7 case pursuant to provisions of § 707(b) of the Bankruptcy Code [11 U.S.C. 707(b)]. In view of the foregoing findings of fact and conclusions of law, said motion to dismiss is hereby denied.

On April 30, 1993, Michael Marshalek (Debtor) filed his voluntary Chapter 7 petition for bankruptcy relief. An examination of his petition schedules reveals total assets of $6,900.00, against secured debt of $2,890.00 and unsecured debt of $86,421.16. It is undisputed that all of the unsecured debt emanates from civil judgments taken against the Debtor prepetition.

The dispositive issues in this matter are two-fold: (1) Whether judgments, *per se,* constitute consumer debts and; (2) Whether dismissal is appropriate under provisions of § 707(b) where only the "substantial abuse" element of § 707(b) is sufficiently demonstrated?

In support of its motion to dismiss, the U.S. Trustee asserts that (1) the Debtor possesses within a three-year period an ability to pay a substantial percentage of his unsecured debt from future earnings; (2) the Debtor's debts relative to the subject judgments are primarily consumer debts; and (3) the Debtor has not acted in good faith. No written response was filed by the Debtor.

Section 707 of the Bankruptcy Code provides, in pertinent part:

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor. [11 U.S.C. § 707(b)].

In a similar addressment, Bankruptcy Rule 1017 provides:

(e) *Dismissal of Individual Debtor's Chapter 7 Case For Substantial Abuse.*

An individual debtor's case may be dismissed for substantial abuse pursuant to § 707(b) only on motion by the United States trustee or on the court's own motion and after a hearing on notice to the debtor, the trustee, the United States trustee, and such other parties in interest as the court directs.

(1) A motion by the United States Trustee shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a), unless, before such time has expired, the court for cause extends the time for filing the motion. The motion shall advise the debtor of all matters to be submitted to the court for its consideration at the hearing. [Rule 1017(e)(1), Bankr.R.]

An application of Rule 1017(e)(1) to the matter at bar is sufficient to show that the dismissal motion was filed timely. An examination of the case docket reveals that the Debtor's voluntary petition was filed on April 30, 1993, and the first meeting of creditors was scheduled for June 2, 1993. The Trustee's dismissal motion was filed on July 19, 1993, well within the sixty-day time period allowed by Rule 1017(e)(1).

Under the Bankruptcy Code, consumer debts are defined as follows: § 101(8):

"Consumer debt" means debt incurred by an individual primarily for a personal, family, or household purpose. [11 U.S.C. 101(8)].

As acknowledged by the Trustee in his dismissal motion, the unsecured debts totalling $86,421.16 all relate to civil judgments rendered against the Debtor prior to his

filing for relief under Chapter 7. It is further recognized in the Trustee's motion that each of the underlying judgments related to certain vehicular accidents which involved the Debtor. None of the judgments related to a consumer debt which was incurred by the Debtor "primarily for a personal, family, or household purpose", as that term is defined under § 101(8) of the Code. Further, no evidence or other demonstration was made by the Trustee to show that these judgment debts were "incurred by the Debtor" to subserve any of the specified purposes addressed in § 101(8) of the Code. Simply stated, a judgment resulting from a vehicular accident, *per se*, is not a "consumer debt," as that term is defined under the Code. Implicit in the Code's definition of consumer debt is the element of volition. That is, the subject indebtedness must necessarily be voluntarily "incurred" by the debtor for the purposes specified in § 101(8). In the underlying civil actions, the Debtor was the party defendant in a negligence action. He, as such, did not voluntarily incur the civil judgments which were adjudicated against him and certainly did not incur the judgment debts "primarily for a personal, family or household purpose". The language of § 101(8) is unambiguous. Its literal reading clearly precludes a judgment, as presented herein, from being construed as a "consumer debt".

■ Section 707(b) provides for dismissal only where the subject debts are primarily consumer debts and if the relief sought would constitute a substantial abuse of Chapter 7, if granted. With the essential element of "consumer debt" being absent in the present matter, dismissal under § 707(b) is not warranted. Moreover, as the last sentence in § 707(b) provides:

> ... There shall be a presumption in favor of granting the relief requested by the debtor. [11 U.S.C. 707(b)].

■ Since dismissal under § 707(b) requires the findings of both "primarily con-

sumer debts" and "substantial abuse," it becomes necessary, in part, to distinguish consumer from non-consumer debts. With § 101(8) defining consumer debts as being those debts "incurred by an individual primarily for a personal, family or household purpose", it is implicit that debts not falling within either of those three categories would be something other than a consumer debt. Although an individual may qualify as a debtor, such person clearly is not a consumer debtor under § 101(8) unless the bulk of his or her debt is incurred in the course of domestic consumption. In brief, the Bankruptcy Code deliberately differentiates the concept of consumer debtors from individual debtors.[1] As one commentator noted:

> When the Code intends to provide a special rule for one or the other, it does so expressly (e.g., § 707(b) which concerns dismissal for substantial abuse, is confined to consumer debtors).[2]

Another noted commentator explains that § 707(b) was added to the Code "to provide that a Chapter 7 petition, in the limited context of an individual *consumer* debtor, is subject to dismissal if the court perceived the filing to be a substantial abuse of the spirit of the law."[3] (Emphasis added). As indicated above, the nature of the debts in the present matter are purely individual debts, as opposed to consumer debts. They are tort liability judgments flowing from two automobile accidents and otherwise do not fit within either category of § 101(8)'s definition of a consumer debt.

■ Herein, the U.S. Trustee applied the "profit motive" test in its conclusion that the subject debts are consumer debts and not business debts. In support of its argument, it contends that the debtor did not expect to receive a profit from the accidents and, thusly, the debts are consumer debts and are not business debts. Such interpretation of the profit motive test, at best, is elastic. Generally, the prof-

**1.** Blum, Brian A., *Bankruptcy and Debtor/Creditor,* § 14.3.2, p. 198, 223 (1993).

**2.** *Id.*

**3.** Treister, George M., *et al., Fundamentals of Bankruptcy Law,* § 3.02(b), p. 101 (1986).

it motive test does not apply to judgment debts resulting from vehicular accidents. Such judgment debts, without more, are not consumer debts simply because no profit may flow from the judgment received. The profit motive test is normally applied to cases involving expenditures. In this regard, volition is essential. An inability to classify a particular debt as a business debt does not automatically relegate it to the status of a consumer debt. *See, In re White*, 49 B.R. 869 (Bankr.W.D.N.C. 1985). (The only debt scheduled was a tort judgment resulting from an automobile accident. Held: the tort liability was not a consumer debt.) Having determined that the subject debts are not consumer debts, making dismissal under § 707(b) improper, it is not incumbent upon the Court to address the substantial abuse standard. To the extent it may be deemed necessary, the following findings and conclusions are made:

■ At the outset, it is important to note that the Bankruptcy Code does not require that an individual be insolvent in order to be eligible for bankruptcy relief. Section 707(b), which the U.S. Trustee relies on, does not expressly incorporate an ability-to-pay test. In this Circuit, the seminal case construing § 707(b) is the *Krohn* decision. *In re Krohn* 886 F.2d 123 (6th Cir.1989).

■ Under the U.S. Supreme Court's decision, *In re Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), it was established, *inter alia*, that an honest but distressed debtor is privileged to receive a fresh start. Some have expanded this notion to suggest that this privilege is part of the social safety net to the extent that it prevents debtors with overwhelming debt from becoming public charges.[4] Some courts have narrowly used § 707(b) to deny a fresh start to a debtor who has an ability to repay its debts from future earnings in arriving at a finding of substantial abuse. Other courts have considered both § 707(b) factors, primarily consumer debts and substantial abuse, before denying a debtor a fresh start through Chapter 7 relief. This latter group of courts recognize that § 707(b) does not expressly incorporate an ability-to-pay test. As such, an ability to pay, without more, is an insufficient basis to deny Chapter 7 relief. *See, In re Kelly*, 841 F.2d 908 (9th Cir.1988), *contra, In re Green*, 934 F.2d 568 (4th Cir.1991); *In re Krohn*, 886 F.2d 123 (6th Cir.1989). In this Circuit, the latter position has been adopted. That is, an ability to pay, without more, is an insufficient basis to dismiss a case under § 707(b). *See, In re Krohn*, 886 F.2d 123 (6th Cir. 1989).

As stated above, the Sixth Circuit's decision in *Krohn* is the seminal decision of that court interpreting § 707(b). The thrust of *Krohn*, however, is the substantial abuse standard of § 707(b), as opposed to a differentiation between consumer versus non-consumer debt as applies herein. Thusly, the *Krohn* decision is not wholly applicable to the case at bar, as the debts herein do not satisfy the "consumer debt" standard of § 707(b). In *Krohn*, the threshold issue of the existence of consumer debts was clearly established in that case.[5] Consequently, the principal dispositive issue in *Krohn* was whether the relief sought amounted to a substantial abuse of the letter and spirit of the Bankruptcy Code. Applying various criteria under a two-pronged test of: (1) lack of honesty and (2) want of need, the case was ultimately dismissed upon a finding of substantial abuse.

■ Dismissal for substantial abuse under § 707(b) was introduced into the Bankruptcy Code through the 1984 amendments. Its intended purpose was to curb the rising number of consumer bankruptcies filed by debtors who were using Chapter 7 bankruptcy as an easy way out of financial difficulty. See, S.Rep. No. 65, 98th Cong.,

---

**4.** Baird, Douglas G., The Elements of Bankruptcy, pp. 38–39, Foundation Press (1993).

**5.** "Krohn's debts are undeniably consumer ones . . . and we are left to decide whether the bank-

ruptcy judge correctly determined that granting Krohn relief would amount to a substantial abuse, as contemplated by the Bankruptcy Code". *Krohn, supra*, at 126.

1st Sess. 43 (1983); 130 Cong.Rec. S7624–S7625 (June 19, 1984). The general purpose of § 707(b) is to effectuate the policy of withholding bankruptcy relief from an undeserving debtor. As noted above, however, the operative scope of § 707(b) is both narrow and specific in its reach. *Id.* Indeed, commentators are in agreement regarding the restrictive reach of § 707(b):

> Congress' purpose in enacting section 707(b) was to preclude individuals from using Chapter 7 who have the ability to make *meaningful* payments to their creditors. The language used by Congress in section 707(b) limits its usefulness. *Section 707(b)'s "substantial abuse" standard can only be applied if the debts in the bankruptcy case are "primarily consumer debts"* ... (Emphasis added). Epstein, David G., *et al.*, *Bankruptcy*, § 2–14, p 57 (1992).

### Conclusion

With the Movant, U.S. Trustee, failing to establish the threshold standard of primarily consumer debts in this matter, its motion to dismiss under § 707(b) is unfounded.

Accordingly, the U.S. Trustee's motion to dismiss is hereby denied.

IT IS SO ORDERED.

### JUDGMENT

A Memorandum Of Opinion And Order having been rendered by the Court in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the U.S. Trustee's motion to dismiss is denied.