**In re Gerald DYE, Debtor.**

**Bankruptcy No. 95 B 05436.**

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Oct. 23, 1995.

Jack Levin, Chicago, IL, for Debtor.

Kevin Jenkins, U.S. Department of Justice, Tax Division, Washington, D.C., for IRS.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on the Motion of Gerald Dye ("Debtor") for Turnover of Funds by the Internal Revenue Service ("I.R.S."). On March 20, 1995, Debtor filed for relief under Chapter 13 of the Bankruptcy Code ("Code") in his individual capacity. The I.R.S. is listed as an unsecured creditor in the amount of $2,228.47 on the Schedule E filed by the Debtor. The claim stems from a 1993 income tax liability for which his ex-wife, Caryn Remer, is a co-debtor. The Debtor acknowledged this fact by amending his Schedule H on September 20, 1995, to reflect that Remer is a co-debtor on the tax obligation. Subsequent to the filing, the I.R.S. requested payment of the 1993 tax liability from Remer, and presented her with notice of its "Intent to Levy" should she decline to do so. Consequently, Remer paid $2,177.44 to the I.R.S.

Debtor argues that under s. 1301(a) of the Code, the I.R.S. was prohibited from collecting the 1993 tax liability from Remer.[1] The I.R.S. responds that the s. 1301(a) restriction on collection efforts against co-debtors applies only to consumer debts, and since federal tax liability is not consumer debt as defined by the Code, its collection efforts against Remer were not improper. This Court finds the I.R.S. to be correct. *In re Greene,* 157 B.R. 496, 497 (Bankr.S.D.Ga. 1993); *In re Goldsby,* 135 B.R. 611, 613 (Bankr.E.D.Ark.1992); *In re Harrison,* 82 B.R. 557, 558 (Bankr.D.Colo.1987); *In re Pressimone,* 39 B.R. 240, 244–45 (N.D.N.Y. 1984).

The Court, therefore, finds that the I.R.S.'s efforts to collect the 1993 tax liability from Caryn Remer were not in violation of s. 1301(a) of the Bankruptcy Code.

---

1. Section 1301(a) states, in pertinent part, "[e]xcept as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a **consumer debt** of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless ..." 11 U.S.C. s. 1301(a) (emphasis added).