**In re Charles M.E. BRASHERS, Debtor.**

**Bankruptcy No. 97–03396–R.**

United States Bankruptcy Court,
N.D. Oklahoma.

Jan. 12, 1998.

Martha Endsley, Tulsa, OK, for Debtor.

Katherine Vance, Asst. U.S. Trustee, Tulsa, OK, for Movant.

### ORDER DETERMINING THAT DEBTOR'S INCOME TAX OBLIGATIONS DO NOT CONSTITUTE CONSUMER DEBT AND DENYING UNITED STATES TRUSTEE'S MOTION TO DISMISS UNDER 11 U.S.C. § 707(b)

DANA L. RASURE, Chief Judge.

On July 23, 1997, Debtor's case was transferred to the Northern District of Oklahoma. On August 4, 1997, the United States Trustee filed United States Trustee's Motion to Dismiss Under 11 U.S.C. § 707(b) (the "Motion"). On August 19, 1997, Debtor filed his Objection to United States Trustee's Motion to Dismiss. The Motion was scheduled to be heard on October 29, 1997. On October 22, 1997, the United States Trustee filed its Application of United States Trustee to Strike Hearing and Request for Briefing Scheduling. The Debtor and the United States Trustee stipulated that the only issue is whether the Debtor's income tax obligations constitute "consumer debts" under § 707(b). In the event the income tax obligations are determined to be "consumer debts," the Debtor will voluntarily convert his case to a Chapter 11 case or permit the case to be dismissed.

On October 23, 1997, the Court entered its Order striking hearing and requested that the Debtor and United States Trustee submit briefs regarding whether the Debtor's income tax obligations constitute consumer debts. Briefs were submitted.

**Discussion**

Section 707(b) of the Bankruptcy Code provides in pertinent part that:

> [T]he Court ... may dismiss a case filed by an individual debtor under this chapter whose debts are primarily **consumer debts** if it finds that the granting of relief would be a substantial abuse of the provisions of this chapter.

11 U.S.C.A. § 707(b)(emphasis added). Pursuant to the Debtor's schedules, the Debtor is indebted to the Oklahoma Tax Commission and the Internal Revenue Service for income taxes in the amounts of $58,014.20 and $222,301.00, respectively. The only issue before this Court is whether such income tax obligations constitute "consumer debts" under § 707(b).

A "consumer debt" is defined in the Bankruptcy Code as a "debt **incurred** by an individual primarily for a personal, family or household purpose." 11 U.S.C.A. § 101(8)(emphasis added). Although the Tenth Circuit Court of Appeals has not yet addressed the issue of whether income taxes constitute "consumer debt" in the context of § 707(b), the majority of courts addressing the issue have held that income taxes are not consumer debts.[1]

Tax liability is not "incurred" as part of a consumption activity, but is involuntarily imposed in the course of earning income. *See Pressimone v. IRS (In re Pressimone)*, 39 B.R. 240, 244–45 (N.D.N.Y.1984); *In re Reiter*, 126 B.R. 961, 964 (Bankr.W.D.Tex.1991). A tax "is not 'incurred,' but rather, is involuntarily imposed by a government for the public welfare. Such public purpose is suffi-

---

1. See *In re Dye*, 190 B.R. 566, 567 (Bankr. N.D.Ill.1995); *In re Greene*, 157 B.R. 496, 497 (Bankr.S.D.Ga.1993); *Goldsby v. United States (In re Goldsby)*, 135 B.R. 611, 613 (Bankr. E.D.Ark.1992); *In re Traub*, 140 B.R. 286 (Bankr.D.N.M.1992); *In re Reiter*, 126 B.R. 961, 964 (Bankr.W.D.Tex.1991); *In re Gault*, 136 B.R. 736, 738 (Bankr.E.D.Tenn.1991); *Harrison v. IRS (In re Harrison)*, 82 B.R. 557, 558 (Bankr. D.Colo.1987); *Pressimone v. IRS (In re Pressimone)*, 39 B.R. 240, 244–5 (N.D.N.Y.1984). Although many of the cases deal with "consumer debt" in the context of § 362 or § 1301(a) and not § 707(b), the definition of "consumer debt" in § 101(8) applies to all sections of the Bankruptcy Code. See *Traub*, 140 B.R. at 288.

cient ... to take the debt outside the scope of a consumer debt." *In re Stovall,* 209 B.R. 849, 853–54 (Bankr.E.D.Va.1997).[2]

### Conclusion

The Court concludes that the Debtor's federal and state income tax obligations are not "consumer debts." Accordingly, the United States Trustee's Motion to Dismiss Under 11 U.S.C. § 707(b) is **DENIED.**

**IT IS SO ORDERED.**

---

2. The Trustee contends that the Tenth Circuit case of *Citizens Nat'l Bank v. Burns (In re Burns),* 894 F.2d 361 (10th Cir.1990), which adopts a "profit motive" test for determining non-consumer debt, should be applied. The "profit motive" test articulated in *Burns* is not readily applicable to debts incurred involuntarily, such as taxes, because the test relies upon the intent of the party in incurring the debt. While it is true that debts incurred with a "profit motive" are **clearly** non-consumer, the reverse is not true. That is, just because a debt was not incurred with a profit motive does not mean the debt is a con-sumer debt. The "profit motive" test does not identify **all** non-consumer debts. This Court agrees with the analysis rendered in *In re Stovall,* 209 B.R. 849 (Bankr.E.D.Va.1997), in concluding that there are (1) consumer debts which fall within the definition of § 101(8); (2) business debts, or debts incurred with a "profit motive," which are non-consumer debts; and (3) other non-consumer debts that are not incurred with a motivation for making a profit. Personal income taxes fall within the third category. Other taxes may fall into another category depending upon the context in which they arise.